UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMMEL MCGIRT,<br><br>      Plaintiff,<br><br>      v.<br><br>SHAWN M. TOOMEY, et al.,<br><br>      Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 20-cv-10891-ADB<br>*<br>*<br>*<br>* |

ORDER

BURROUGHS, D.J.

    *Pro se* plaintiff Tommel McGirt, who is currently incarcerated at MCI Cedar Junction, has filed an action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state law. He alleges that prison employees at MCI Concord, where he was previously confined, used excessive force against him, issued false disciplinary reports, and, during the resulting disciplinary proceedings against McGirt, defendants altered or withheld evidence. McGirt represents that he was found guilty of assault on a staff member and sanctioned with a twenty-four-month period of confinement in the disciplinary unit. McGirt has also filed motions for leave to proceed *in forma pauperis* and for the appointment of counsel.

    Upon review of the complaint and motions, the Court hereby orders:

    1.    The motion for leave to proceed *in forma pauperis* is GRANTED. The $50 administrative fee is waived. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $49.66. The remainder of the $350 filing fee, $301.34, shall be paid over time in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this order to the institution having custody of McGirt.

2.       The Massachusetts Department of Correction ("DOC") shall be dismissed as a party to this action.[1]

The Eleventh Amendment to the United States Constitution is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).  Here, the Court cannot discern any claim for relief against the DOC for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.

Further, a State is not a "person" within the meaning of 42 U.S.C. §§ 1983 or 1985.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

3.       The Clerk shall issue summonses for all remaining defendants except the John Doe defendant.  If McGirt later discovers the identity of this defendant and wishes to pursue claims against him, McGirt should promptly amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

4.       McGirt is responsible for serving a summons, the complaint, and this order on each remaining defendant (except for John Doe) in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5.       Because McGirt is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS").  If McGirt chooses to have service

---

[1] Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to conduct a preliminary review of the complaint and dismiss any claims that are malicious, frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages against a defendant who is immune from such relief.

completed by the USMS, he shall provide the agency with a copy of this order and all documents for service.  The USMS shall then complete service with all costs to be advanced by the United States.

6.	McGirt must ensure that service is complete within 90 days from the date of the issuance of the summonses.  Failure to complete service in a timely fashion may result in dismissal of the action without further notice to the plaintiff.  *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

7.	The motion for appointment of counsel is DENIED without prejudice to renewal after the defendants have been served with and responded to the complaint.

IT IS SO ORDERED.

  9/10/2020                                              /s/ Allison D. Burroughs                         
DATE                                                    UNITED STATES DISTRICT JUDGE